MARTIN McMAHON, PLAINTIFF-APPELLEE, v. TRENTON-PRINCETON TRACTION COMPANY, THE READING COMPANY AND CHARLES WILSON, DEFENDANTS-APPELLANTS.

Submitted October 4, 1938—Decided December 23, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellants, *Katzenbach, Gildea & Rudner* (*George Gildea,* of counsel).

For the appellee, *Felcone & Felcone* (*Amos M. Waln,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an accident case. Defendants appeal from a judgment of $500 based upon a jury verdict in favor of plaintiff.

The accident in question was a collision between a truck, owned by the county of Mercer, in which the plaintiff was a passenger, and an electric trolley car owned and operated by defendants' servant. The collision occurred on May 21st, 1936, at seven-thirty A. M., in the area outside of the city of Trenton and at a point where what is called the "Olden avenue extension" crosses defendants' private right of way. The truck in which the plaintiff was traveling "was going to Pennington from Trenton." The trolley car which approached the intersection on the right of the truck was "coming into Trenton from Princeton." It is conceded that the flasher lights at the intersection were operating at the time of the accident. The proofs, however, are not clear as to whether the whistle on the trolley car was or was not blown. But the proof is clear that both the motorman and the driver of the truck had a clear and unobstructed view of each other. There is proof that the motorman did not slacken the speed of the trolley car as it approached the intersection. Without further detailing the proofs, suffice it to say that the trolley car and the truck collided. Plaintiff was injured. He sued defendants to recover his damages and succeeded to the extent already indicated.

Defendants challenge the propriety of plaintiff's judgment. That challenge is largely predicated upon the insistment by defendants that, at the time of the accident, it was operating as an interurban railroad and not as a street railway. An interurban railroad, we are told, is "a class of railroad of hybrid character  *  *  *;" it is operated upon public streets in urban areas and upon private rights in rural districts. We are asked to determine that upon such hybrid railroads there should be imposed the duty of *reasonable care* while operating in the city, and that the duty of blowing a whistle or ringing a bell, as in the case of a steam railroad (*R. S.* 48:12-57) should be imposed upon it while operating in rural areas. The request so to determine would appear to be sound; it surely carries great force and persuasion. But we desire to make clear that we intimate no opinion on that score. We cannot upon the record as submitted make any such deter-

mination. For, apart from the colloquy of counsel which, of course, is not evidential, there is a complete dearth of proper proof as to defendants' claim that it was not operating as a street railway.

Nor is such a determination necessary or vital to a decision of this cause. Plaintiff in his state of demand alleged that the trolley line was "owned, operated and controlled" by defendants and that at the time of the accident the "trolley car" was operated by defendants' servant. But the state of demand specified no particular acts of alleged negligence on the part of the defendants; it merely alleged that "due to the negligent manner in which the said trolley car was being operated * * *" by defendants, the plaintiff was injured. Defendants did not challenge the insufficiency of the state of demand; they apparently undertook to meet what proofs of negligence plaintiff might offer. *Cf. Hyman* v. *Atlantic City and Shore Railroad Co.,* 101 *N. J. L.* 124; 127 *Atl. Rep.* 205. We are entirely satisfied that the jury might well have found, as it apparently did, that defendants were negligent in that its servant did not have the trolley car under proper control; in that he made no effort to slacken the speed of the trolley car as it approached the intersection; and in that there was no "sounding of his signal in quick succession at a reasonable distance from the intersection" as required under our act concerning traffic regulations. *R. S.* 39:4-43.

There is no merit to the other points argued.

Judgment is affirmed, with costs.