**In re Evangeline COVINGTON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–337.**

District of Columbia Court of Appeals.

Submitted Oct. 28, 1998.

Decided Nov. 19, 1998.

Before STEADMAN and RUIZ, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, found that respondent Evangeline Covington violated multiple Rules of Professional Conduct arising from her representation of four separate clients. Additionally, the Board concluded that respondent violated Rule 8.4(d) and D.C. Bar R. XI, § 2(b)(3), for her failure to respond to inquires made by Bar Counsel and the Board.

As a result of these violations, the Hearing Committee recommended that respondent: (1) be suspended from the practice of law for sixty days, with thirty days stayed for one year; and (2) be placed on probation during the one-year period, during which time respondent's professional conduct would be supervised by a practice monitor selected by the Board. Neither Bar Counsel nor respondent noted an exception to the violations found or the sanctions recommended by the Hearing Committee and in turn by the Board. Accordingly, we adopt the sanctions. *See* D.C. Bar R. XI, § 9(g).

In addition to the Hearing Committee's sanctions, the Board recommended respondent pay $500 in restitution for violations with respect to one of her four clients, Ms. Wavalene Barnes. This finding was based on facts found by the Hearing Committee.

We are required to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). *See In re Morris,* 495 A.2d 1162, 1163 (D.C.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Furthermore, because neither Bar Counsel nor respondent has filed an exception to the Board's recommendation "our standard of review of the Board's recommended sanction is therefore especially deferential." *In re Ramacciotti,* 683 A.2d 139, 140 (D.C.1996) (citing case); *see also* D.C. Bar R. XI, § 9(g). Accordingly, we adopt the Board's additional sanction for $500 in restitution to be paid to Ms. Barnes.

ORDERED that respondent is hereby: (1) suspended from the practice of law for sixty days, with 30 days stayed for one year; (2) placed on probation during the one-year period, during which time respondent's professional conduct will be supervised by a practice monitor selected by the Board; and (3) required to pay $500 in restitution to Ms. Wavalene Barnes.

*So ordered.*